UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BARON THOMPSON (#129901)                                     CIVIL ACTION

VERSUS

DENNIS GRIME, WARDEN, ET AL.                                 NO. 10-0521-JJB-CN

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in chambers in Baton Rouge, Louisiana, August 20, 2010.

MAGISTRATE JUDGE CHRISTINE NOLAND

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BARON THOMPSON (#129901)                                CIVIL ACTION

VERSUS

DENNIS GRIME, WARDEN, ET AL.                            NO. 10-0521-JJB-CN

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate previously confined at the East Baton Rouge Parish Prison ("EBRPP"), Baton Rouge, Louisiana filed this action pursuant to 42 U.S.C. § 1983 against EBRPP Warden Dennis Grimes, East Baton Rouge Parish Sheriff Sid Gautreaux, former Sheriff Elmer B. Litchfield, and Sgt. Chataiano, complaining of alleged irregularities in his criminal trial in 2003. Specifically, the plaintiff complains that during the noon recess of his trial on November 20, 2003, he was transported back to EBRPP but was never returned to the courtroom to participate in the remainder of his trial. He believes that there are records at EBRPP which will confirm this assertion, and he prays for this Court to order the defendants to produce a certified copy of the "log-in/timekeeper booklet" for August 20, 2003, "to show the Court that I was not present at my jury trial, [and] for my pain and suffer and depression."

Pursuant to 28 U.S.C. § 1915(e), the Court is authorized to dismiss an action brought in forma pauperis if the Court determines that the claim asserted therein is frivolous, malicious, or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An action or claim is properly dismissed as frivolous if it lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing

Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). In addition, a § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed. Cf., Green v. McKaskle, supra.

    The plaintiff's claim is not properly before this Court. A review of the allegations of his Complaint leads this Court to conclude that his principal claim is regarding the alleged failure of East Baton Rouge Parish officials to provide him with copies of documents which he has requested in order to prove his underlying assertions. To the extent, however, that the plaintiff seeks an Order from this Court compelling the defendants to produce these documents, he fails to state a claim of arguable constitutional dimension in this Court. The law is well-established in this regard that the United States District Court lacks jurisdiction to review actions in the nature of a mandamus proceeding to compel state officers or employees to perform duties allegedly owed by them to the plaintiff under state law as, for example, to provide him with copies of records in the possession of the East Baton Rouge Parish Prison. Rothstein v. Montana State Supreme Court, 637 F.Supp. 177 (D.Mont. 1986); 28 U.S.C. § 1361. Accordingly, the plaintiff must pursue recovery in state court for the relief sought herein, and his claim must be dismissed as frivolous in this Court.

    Further, to the extent that the plaintiff's Complaint may be interpreted as seeking monetary damages under § 1983 for the defendants' alleged wrongful conduct in failing to return him to the courtroom during his criminal trial, the Court concludes that this claim is barred by the doctrine set forth in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Under Heck, a prisoner's claim for monetary damages attributable to an alleged wrongful conviction is not cognizable in

federal court if a judgment in favor of the plaintiff would necessarily imply the invalidity of such conviction. Heck v. Humphrey, supra. If so, the Complaint must be dismissed unless the plaintiff can demonstrate that his conviction has been invalidated or determined to be wrongful by a separate tribunal. Id. As stated in Heck:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, supra. In the present case, a determination that the plaintiff is entitled to monetary damages as a result of an allegedly unfair criminal trial would necessarily imply that his conviction is wrongful and that he should be released from custody or retried. Since the plaintiff has failed to allege that his conviction has been invalidated or called into question in a separate proceeding, his claim for monetary relief under § 1983 resulting from such conviction falls squarely within the holding of Heck v. Humphrey. Accordingly, his cause of action under § 1983 arising out of his current alleged unconstitutional conviction has not yet accrued. Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994)("Dismissal of the § 1983 action under 28 U.S.C. § 1915(d) is appropriate, post-Heck, because the plaintiff's action has been shown to be legally frivolous"). See also Stephenson v. Reno, 28 F.3d 26 (5th Cir. 1994); Johnson v. McElveen, 101 F.3d 423 (5th Cir. 1997). It is therefore appropriate that the plaintiff's § 1983 claim attributable to the alleged wrongful conviction be dismissed, with

prejudice.  <u>Arvie v. Broussard</u>, 42 F.3d 249 (5th Cir. 1994).

RECOMMENDATION

It is recommended that the plaintiff's claims be dismissed as legally frivolous within the meaning of 28 U.S.C. § 1915(e), and that this action be dismissed, with prejudice, at least until the provisions of <u>Heck v. Humphrey</u>, <u>supra</u>, are satisfied.[1]

Signed in chambers in Baton Rouge, Louisiana, August 20, 2010.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[1] Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."